**Roy Den HOLLANDER,**
**Plaintiff–Appellant,**

v.

**FLASH DANCERS TOPLESS CLUB,**
**et al., Defendants–Appellees.**

No. 04–6700.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2006.

16

Roy Den Hollander, New York, New York, for Plaintiff-Appellant, pro se.

Anne P. Richter, McManus Collura & Richter P.C. (Bradley E. Dubin, on the brief), New York, New York, for Defen- dants–Appellees Kuba, Mundy & Associ- ates, Nicholas J. Mundy and Peter Petro- vich.

Jack Sachs, New York, New York, for Defendant–Appellee Alina A. Shipilina.

Edward S. Rudofsky, Zane and Rudof- sky (Charles F. Axelrod, on the brief), New York, New York, for Defendants– Appellees Jay–Jay Cabaret, Inc. d/b/a/ Flashdancers, s/h/a "Flash Dancers Top- less Club," Lynn Lepofsky, "Barry Night Manager Flash Dancers" and "Flash Dancers Managers 1 to 5."

Deborah A. Brenner, Assistant Corpora- tion Counsel (Michael A. Cardozo, Corpo- ration Counsel of the City of New York, Barry P. Schwartz, on the brief), New York, New York, for the Municipal Defen- dants–Appellees.

David L. Feinberg, West Hempstead, New York, for Defendant–Appellee Cyber- tech Internet Solutions, Inc.

Lance Gotthoffer, Reed Smith LLP, New York, New York, for Defendant–Ap- pellee Bank of Cyprus Ltd.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the Unit- ed States District Court for the Southern District of New York (Castel, J.) is AF- FIRMED.

Plaintiff-appellant Roy Den Hollander appeals from a September 28, 2004 order dismissing pursuant to Federal Rule of

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

Civil Procedure 12(b)(6) Hollander's claims for civil remedies under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, and denying leave to amend the complaint. We assume the parties' familiarity with the facts of the case, the relevant procedural background, and the issues on appeal.

We review a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6) *de novo,* construing the complaint in the light most favorable to the plaintiff and accepting its allegations as true. *Desiano v. Warner–Lambert Co.,* 326 F.3d 339, 347 (2d Cir.2003). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Todd v. Exxon Corp.,* 275 F.3d 191, 197–98 (2d Cir.2001) (citations and quotation marks omitted).

## I. Injury to Business or Property and Proximate Causation

Section 1964(c) of Title 18 authorizes suit by "[a]ny person injured in his business or property by reason of a violation of § 1962." Thus, a RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). This injury must be proximately caused by the predicate acts of the RICO violation. *See Lerner v. Fleet Bank, N.A.,* 318 F.3d 113, 120 (2d Cir.2003).

We have held that "the RICO pattern or acts proximately cause a plaintiff's injury if they are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence." *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 23–24 (2d Cir.1990). Thus, we have affirmed the dismissal under Rule 12(b)(6) of a RICO complaint where the alleged injuries were proximately caused not by the alleged racketeering violations, but by the public exposure of those activities or their discovery by the victim and the consequences of that exposure or discovery. *See In re Am. Express Co. S'holders Litig.,* 39 F.3d 395, 400 (2d Cir.1994) (holding that injury to American Express shareholders following disclosure of a scheme to discredit a competitor was not a foreseeable result of that scheme, although the disclosure resulted in business injury to American Express); *Burdick v. Am. Express Co.,* 865 F.2d 527, 529 (2d Cir.1989) (holding that a plaintiff fired by the defendant company after he complained about racketeering activities and refused to participate in them could not show proximate causation, even though their actions allegedly interfered with his "ability . . . to earn a living for himself" and deprived him of his job).

■■■ Hollander's complaint deals primarily with damages stemming from the investigation he initiated, including "[l]oss of profits from the plaintiff's law and consulting business from cessation of normal work as the result of . . . the plaintiff's ongoing investigation of the Enterprise's Scheme"; "[b]usiness interruption expenses of $50,000"; "[l]oss of business opportunities of $150,000" and expenses of the investigation. These are the costs of Hollander's acts, not the defendants' RICO violations. Indeed, as the district court noted, the conspirators allegedly tried to *prevent* Hollander from investigating them, and thus from incurring the expenses he claims as damages.

One of the lost profit allegations appears to involve more than just the investigation: "Loss of profits from the plaintiff's law and consulting business . . . from cessation of

normal work *as a result of the initial success of the Enterprise's Scheme in defrauding the plaintiff into arranging for Member Alina Shipilina to enter the U.S.* and, subsequently, the plaintiff's ongoing investigation of the Enterprise's Scheme." (emphasis added). We take it that Hollander alleges that he ceased business while helping to arrange Shipilina's immigration, and that he lost money because he could have been gainfully employed instead of making those arrangements. Even if it was the criminal syndicate's intent to trick Hollander into "arranging for Member Alina Shipilina to enter the U.S.," it was not the object of the conspiracy to cause him to cease work and thereby lose profits in order to make those arrangements.

Other allegations involve efforts to "thwart" Hollander's efforts, via his investigation and this litigation, to recover unspecified injuries to his business. "Funds from racketeering activities have been used to build a litigation war chest to fund fraudulent proceedings against the plaintiff and fraudulently defend against legitimate proceedings . . ."; "Funds from racketeering activities have been used to bribe public employees into subverting the proper administration of the law . . . so as to thwart the plaintiff's efforts to rectify the Enterprise's harm done to his business reputation and goodwill." These allegations involve injury to the administration of law, which of course is not compensable under RICO, and the hindrance of the plaintiff's efforts to repair other damages. But injuries caused not by the alleged racketeering violations, but by the discovery of those actions and the consequences of that discovery, are not cognizable damages under RICO. *See In re Am. Express Co. S'holders Litig.*, 39 F.3d at 400; *Burdick*, 865 F.2d at 529.

Finally, the complaint also contains conclusory allegations that claim damages to financial interests, but do not specify how racketeering activities caused those damages. "The plaintiff has suffered damages to his business and financial interests by the use of funds from racketeering activities to finance the Enterprise's Scheme." "The predicate acts committed in furtherance of the Enterprise's Scheme against the plaintiff have caused damages to his business and financial assets as well as imperiled his safety, life, liberty and right not to live in fear." These paragraphs allege that damages to financial interests have been caused, but make no factual allegation from which an inference of proximate cause could reasonably be drawn. Merely restating the requirements of RICO in the form of an allegation does not suffice to state a claim without some factual allegation from which proximately caused financial injury may be inferred. *See In re Am. Express Co. S'holders Litig.*, 39 F.3d at 400 n. 3 ("[W]hile the complaint does cursorily assert that American Express was a victim of the RICO defendants' acts and that these acts were the proximate cause of American Express's alleged injuries, these conclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss.").

Nor does the Supplemental Complaint indicate any damages to business or property proximately caused by racketeering violations. It alleges that the "additional illegal activities recounted in this supplemental complaint have increased the harm to the plaintiff's business and property by causing loss of profits, business interruption expenses, loss of business opportunities and damage to the plaintiff's reputation and good will in the amount of $100,000." It fails to indicate how the alleged activities, principally threats

against him and abuses of the justice system in response to his lawsuit, damaged his business in any direct way. Thus, Hollander has failed to state a claim under RICO.

## II. Leave to Amend

 Hollander also challenges the district court's denial of leave to amend the complaint. We review the district court's denial of leave to file an amended complaint for abuse of discretion. *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001). Leave to file an amended complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Although "it is rare that such leave should be denied, especially when there has been no prior amendment," *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citations omitted), it is "well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir.2003).

In *In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370 (2d Cir.2005) (*"Tamoxifen"*), we considered a cursory request for leave to amend "which appeared in a footnote in the middle of [the plaintiffs'] brief opposing the defendants' motion to dismiss."[1] *Id.* at 404. The additional allegations proposed by the plaintiffs on appeal were legally insufficient to state

a claim on which relief could be granted, and so we found that any amendment would have been futile and that the denial of leave was not an abuse of discretion. *Id.* For the same reasons, Hollander's request for leave to amend was properly denied.

Hollander argues that, if allowed to amend his complaint, he would "make clear to even the District Court" that although the court found Hollander's damage allegations to stem from his investigation of the scheme beginning in 2000, in fact "Hollander did not discover the Scheme until two years later in July 2002." This amendment would not help Hollander's case, however, because he has failed to allege any injury to his business or property proximately caused in 2000, in 2002, or at any other time. "It appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Tamoxifen*, 429 F.3d at 404–05 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (alterations omitted)), and so the denial of leave was not an abuse of discretion. *See id.*

## III. Conclusion

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. The pending motion to strike

---

1. The district court stated in its opinion that "[p]laintiff made no request to file an amended Complaint in the event the motions to dismiss were granted." Hollander asserts that this is incorrect, citing to a document in the joint appendix labeled "Excerpts from Plaintiff's Memorandum of Law in Opposition to Certain Defendants' Motion to Dismiss." One of the "excerpts" states, "If this Court dismisses the Complaint or part of it under Rule 12(b)(6), then the plaintiff requests leave to amend." We have no reason to doubt that these "excerpts" accurately reproduce the filing in question. The district court thus appears to have erred in finding that leave to amend had not been requested.

Despite this error, the court engaged in a full analysis of whether leave was appropriate, and concluded that "[e]ven the most liberal reading of the Complaint and Supplemental Complaint fails to indicate that, however restated, any valid claim would survive." As discussed above, because Hollander has failed on appeal to identify any additional allegations he could make that might render his claim viable, the denial of leave was not an abuse of discretion.

material in the appellees' briefs is DE-NIED.