# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2018

Lyle W. Cayce
Clerk

ERIKA ARROYO,

     Plaintiff-Appellant,

v.

OPRONA, INC., ROSEN SWISS AG, and CHRIS F. YOXALL,

     Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-852

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Erika Arroyo ("Arroyo") appeals the district court's judgment dismissing her federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claims and remanding her remaining state law claims to state court. Because Arroyo's complaint failed to sufficiently allege facts that support the standing requirement under the RICO statute for her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20576

civil RICO claims against Defendants-Appellees Oprona, Inc. ("Oprona"), Rosen Swiss AG ("Rosen Swiss"), and Chris F. Yoxall ("Yoxall"), we AFFIRM.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Oprona employed Arroyo as a finance manager in its Houston, Texas office from December 2013 to August 2015.[1] Arroyo's duties as the supervisor of the financial staff at Oprona primarily related to overseeing Oprona's accounting, payroll, and taxes. Yoxall, an Oprona vice president, supervised Arroyo.

During her employment, Arroyo became aware that Yoxall was using company funds for the payment of his personal expenses. Reviewing the accounting records, Arroyo discovered thousands of dollars had been transferred to Yoxall's personal accounts from Oprona's accounts in a way indicating that Yoxall was attempting to evade federal income taxes. Particularly, in April 2015, Yoxall requested that Arroyo prepare and sign a $96,922 check from Oprona's business account for his personal income taxes due to the IRS. Yoxall claimed that Oprona's parent company based out of Switzerland, Rosen Swiss, approved the payment that he requested. After consulting with the chief financial officer of Rosen Swiss, Oliver Kille ("Kille"), who stated that Yoxall's requested payment would not be authorized, Arroyo refused to sign and prepare the $96,922 check for Yoxall.

Despite Arroyo's refusal to prepare and sign the check, the check was still prepared and processed by another staff member for Yoxall. At an annual financial meeting held at Rosen Swiss's headquarters in Stans, Switzerland the same month, Arroyo voiced her concerns to Kille regarding Yoxall's use of company funds to pay his personal expenses. To support her allegations, after

---

[1] We accept all well-pleaded facts as true and view the facts in the light most favorable to Arroyo. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (citing *Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009)).

2

returning to Houston, Arroyo sent financial records to Rosen Swiss's headquarters that detailed Yoxall's improper use of Oprona's funds.

Thereafter, Arroyo began to gradually lose her duties at Oprona. In May 2015, Arroyo was moved out of her office and had some of her responsibilities passed over to a newly hired employee. In July 2015, Yoxall removed more of Arroyo's duties and supervisory authority. Eventually, Yoxall asked Arroyo to voluntarily resign from her position. On August 5, 2015, after Arroyo refused to resign, Oprona terminated Arroyo's employment.

In March 2016, Arroyo filed this lawsuit against Oprona, Rosen Swiss, and Yoxall in Texas state court alleging Texas state law claims and claims for violations of the federal civil RICO statute. Particularly, Arroyo alleged that Oprona, Yoxall, and Rosen Swiss engaged in a RICO conspiracy involving the RICO predicate acts of mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, witness tampering, 18 U.S.C. § 1512(b), and retaliation against a witness, 18 U.S.C. § 1513(e), that directly related to her termination of employment at Oprona.

The suit was subsequently removed to federal court based on federal question jurisdiction. On November 1, 2016, the district court granted Arroyo's motion for leave to amend her complaint, where she continued to assert her federal civil RICO and state law claims. Oprona, Yoxall, and Rosen Swiss filed motions to dismiss Arroyo's amended complaint. After adopting the magistrate judge's report and recommendation, the district court dismissed Arroyo's complaint against Rosen Swiss without prejudice on grounds of insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Additionally, the district court dismissed the federal civil RICO claims against Yoxall and Oprona based on Arroyo's failure to state a plausible claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Arroyo timely appealed.

## II.   DISCUSSION

### a.  RICO Claims

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. *Bass*, 669 F.3d at 506. "Dismissal is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise [her] right to relief above the speculative level." *Id.* "[W]e may affirm the district court on any grounds raised below and supported by the record." *Welborn v. Bank of New York Mellon Corp.*, 557 F. App'x 383, 386 (5th Cir. 2014) (per curiam) (unpublished) (citing *Raj v. Louisiana State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013)). As a preliminary matter, "[a] plaintiff must establish standing to bring a civil RICO claim" under the RICO statute. *Jackson v. Nat'l Ass'n for Advancement of Colored People*, 546 F. App'x 438, 442 (5th Cir. 2013) (per curiam) (unpublished) (citing *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998)). "'Any person injured in his business or property by reason of a violation of section 1962' may sue pursuant to the civil cause of action created by RICO." *Id.* (quoting 18 U.S.C. § 1964).

Here, Arroyo has no standing under the RICO statute to assert her civil RICO claims. *See* 18 U.S.C. § 1964(c). The injury Arroyo allegedly suffered stems from her loss of employment after she refused to participate in the scheme headed by Yoxall to defraud the IRS and reported Yoxall's conduct to Rosen Swiss. "Whistle blowers do not have standing to sue under RICO for the injury caused by the loss of their job." *Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211, 1215 (5th Cir. 1988). "[B]eing discharged for either reporting a RICO violation or refusing to participate in a RICO violation does not flow from the predicate acts" and fails to establish standing to sue under the RICO statute. *See id.* at 1217. In other words, Arroyo's injury resulted from Oprona's decision to terminate her employment and not from the alleged predicate acts. *See*

*Jackson*, 546 F. App'x at 442 ("[T]he central question we must ask is whether the alleged violation led directly to the plaintiff's injuries.") (quotation marks and alterations omitted). Arroyo, as an employee allegedly discharged for reporting and refusing to participate in an activity that violated RICO, lacks standing to sue under the RICO statute.[2] *See id.* at 443 (citing *Hollander v. Flash Dancers Topless Club*, 173 F. App'x 15, 17 (2d Cir. 2006) (per curiam) (unpublished)).

### b.  Denial of Leave to Amend

"The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation marks omitted). Arroyo failed to explain in either the district court or in this appeal "what facts [she] would have added or how [she] could have overcome the deficiencies found" in regards to her lack of standing under the RICO statute to assert her claims. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (internal quotation marks and citation omitted).  Arroyo "gives no indication that [she] did not plead [her] best case in [her] complaint." *Id*. Thus,

---

[2] Because Arroyo's RICO claims are dismissed due to her lack of standing to sue under the RICO statute, this court need not address the alternative grounds for dismissal asserted by Rosen Swiss under Rule 12(b)(5) based on insufficient service of process. Even if Rosen Swiss had been properly served, Arroyo would not be able to successfully assert her civil RICO claims. *See Jackson*, 546 F. App'x at 443.

Arroyo also does not dispute in her brief the appropriateness of the district court's decision to remand her remaining state law claims. Since Arroyo did not brief this issue on appeal, it is waived. *See Noatex Corp. v. King Constr. of Houston*, 732 F.3d 479, 485 n.8 (5th Cir. 2013) ("[I]t has long been the rule in this circuit that any issues not briefed on appeal are waived . . . .").

we conclude that Arroyo's request for leave to amend her complaint was properly denied.

In light of the foregoing, the judgment of the district court is AFFIRMED.