# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2011

No. 10-50796
Summary Calendar

Lyle W. Cayce
Clerk

CHIMENIUM ODU ECHENDU,

Plaintiff-Appellant

v.

MAJOR NFN PATTERSON; LIEUTENANT NFN FARLEY; LIEUTENANT NFN GROGAN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CV-65

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Chimenium Odu Echendu, Texas prisoner # 1290347, has applied for leave to proceed in forma paupers (IFP) for an appeal from the dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see also Baugh v. Taylor*, 117 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard*, 707 F.2d at 220.

Echendu contended in the district court that the defendants refused to grant him access to a law library, resulting in his failure to file a timely notice of appeal in his criminal case, in violation of his right of access to the courts. "An inmate alleging the denial of his right of access to the courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3368 (2010). To make such a showing, the inmate must "allege that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered." *Id.* Echendu raises no argument on appeal with respect to his Sixth Amendment claim. Instead, Echendu asserts that the district court erred in granting summary judgment for the defendants on grounds of qualified immunity. The district court dismissed Echendu's complaint because he had failed to state a valid denial-of-access-to-the-courts claim; its decision was not based upon qualified immunity.

Echendu argues in conclusional fashion that the district court should not have dismissed his complaint without giving him an opportunity to file an amended pleading and to discover evidence supporting his constitutional claims. In ruling on the motion to dismiss, the district court properly regarded as true Echendu's contention that he was denied access to a law library during the appeal period in his criminal case. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (in ruling on motion to dismiss, district court must accept well-pleaded facts as true, viewing them in light most favorable to plaintiff). Echendu has not identified any additional facts that he would have alleged in his amended complaint, nor does he state what additional facts could have been developed through discovery, that would have precluded dismissal of his complaint. Echendu makes no argument with respect to the district court's

conclusion that Echendu had failed to identify any potential claim that he was prevented from raising on appeal.  *See id.* (to avoid dismissal, plaintiff must assert a claim that is plausible and not based on speculative allegations).  No nonfrivolous issue has been asserted with respect to the district court's order granting the defendants' motion to dismiss.

Echendu's appeal is without arguable merit and is therefore frivolous.  *See Howard,* 707 F.2d at 220.  Because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.  The dismissal of this appeal and the district court's dismissal of the complaint for failure to state a claim upon which relief may be granted both count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We CAUTION Echendu that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).