# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 12-11237
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 31, 2013

Lyle W. Cayce
Clerk

EDUARDO ACOSTA-SOLANO,

Plaintiff-Appellant

v.

GILES W. DALBY CORRECTIONAL FACILITY,

Defendant-Appellee

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-142

———————

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eduardo Acosta-Solano, federal prisoner # 98019-198, is housed at the Giles W. Dalby Correctional Facility (the Dalby Facility) in Post, Texas. Acosta-Solano filed a complaint, pursuant to 42 U.S.C. § 1983, claiming his constitutional rights had been violated at the Dalby Facility. The district court characterized his claim as a *Bivens*[1] claim, and dismissed the complaint as

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

frivolous, finding that a *Bivens* actions could not be brought against a private entity. On appeal, Acosta-Solano contends that the district court should have given him an opportunity to amend his complaint prior to dismissing it as frivolous.

We review the district court's dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). The magistrate judge conducted a *Spears*[2] hearing, thereby giving Acosta-Solano an opportunity to amend his complaint. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Further, at the *Spears* hearing, Acosta-Solano declined to name any other individual as a defendant in his complaint. Thus, Acosta-Solano's argument that the district court failed to give him an opportunity to amend his complaint is not supported by the record.

Moreover, Acosta-Solano fails to explain in his brief how the Dalby Facility or any other individual for that matter, violated his constitutional rights. Although pro so briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, whether construed as a § 1983 action or a *Bivens* action, Acosta-Solano has abandoned his claims before this court by failing to raise them on appeal. Therefore, his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Acosta-Solano is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal

---

[2] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.