Dennis Alan DAVIS, Plaintiff–
Appellant

v.

Lanette LITHICUM, In her individual
and official capacity; Stephanie Zape-
da, in her individual and official ca-
pacity; Betty Williams, In her individ-
ual and official capacity; Robert M.
Sandmann, in his individual and offi-
cial capacity, Defendants–Appellees.

No. 13–20427
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 26, 2014.

Dennis Alan Davis, Huntsville, TX, pro
se.

Before WIENER, OWEN, and
HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Dennis Alan Davis,
Texas prisoner # 498745, filed a pro se, in
forma pauperis (IFP) 42 U.S.C. § 1983
complaint against Stephanie Zapeda, the
Director of the state's Correctional Man-
aged Care (CMC); Lanette Lithicum, the
TDCJ District Medical Director; Betty
Williams, a physician at the Ellis Unit;
and Robert M. Sandmann, a pharmacist at
the CMC Pharmacy. Davis alleged that
he had a documented history of restless
leg syndrome (RLS) and that the defen-
dants were deliberately indifferent to his
serious medical needs when they denied
him the prescribed drug, Mirapex, and
failed to provide an alternative course of
treatment. The district court dismissed
Davis's claims as frivolous pursuant to 28
U.S.C. § 1915(e)(2)(B), concluding they
lacked merit as a matter of law.

As an initial matter, Davis, in his com-
plaint and more definite statement, made
very specific claims against Lithicum and
Zapeda regarding the creation and imple-
mentation of policies and procedures con-
cerning the CMC Pharmacy and their
failure to intervene when he was denied
Mirapex. On appeal, however, he does
not expressly renew his claims against
those two officials, addressing only his
claims against Sandmann and Williams,
and generally complaining of TDCJ phar-
maceutical policies. Accordingly, Davis
has abandoned his claims against Lithi-
cum and Zapeda. See Yohey v. Collins,
985 F.2d 222, 224–25 (5th Cir.1993).

A district court may dismiss an IFP
complaint as frivolous if it has no arguable
basis in law or fact. Siglar v. Hightower,
112 F.3d 191, 193 (5th Cir.1997);
§ 1915(e)(2)(B)(i). A complaint lacks an
arguable basis in law if it is based on an
indisputably meritless legal theory.
Neitzke v. Williams, 490 U.S. 319, 327, 109
S.Ct. 1827, 104 L.Ed.2d 338 (1989). We
review the district court's dismissal of a
complaint as frivolous pursuant to
§ 1915(e)(2)(B)(i) for abuse of discretion.
Brewster v. Dretke, 587 F.3d 764, 767 (5th
Cir.2009).

Prison officials violate the constitutional
prohibition against cruel and unusual pun-
ishment when they demonstrate deliberate
indifference to a prisoner's serious medical

---

* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001).

With regard to the claim that Sandmann was deliberately indifferent to Davis's serious medical needs by refusing to fill his prescription for Mirapex, in contravention of an outside physician's order, the uncontroverted evidence reflects that Sandmann denied Mirapex because of its high degree of psychological side effects and because it was generally not used in the prison population. Moreover, we give "great deference to prison administrators' judgments regarding jail security" and management of prisons. *Oliver v. Scott,* 276 F.3d 736, 745 (5th Cir.2002); *Clarke v. Stalder,* 121 F.3d 222, 229 (5th Cir.1997).

Davis's claim that Williams was deliberately indifferent when she failed to appeal Sandmann's denial of Mirapex is also without merit. A prison official's failure to follow prison procedural rules does not, without more, give rise to a constitutional violation. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996). Furthermore, given that the denial of Mirapex was based on its adverse psychological side effects and its contraindicated use in prison settings, Williams's discretionary decision not to appeal was both a judgment regarding medical treatment and one regarding the application of prison policies and practices designed to maintain and preserve internal

order. *See McCord v. Maggio,* 910 F.2d 1248, 1251 (5th Cir.1990).

We also reject, as without merit, Davis's claim that Sandmann and William were deliberately indifferent for failing to prescribe an alternative course of treatment. As Davis complained of his RLS infrequently following the denial of Mirapex, he has not demonstrated that Sandmann and Williams knew that he faced a substantial risk of serious medical harm yet failed to take steps to abate that harm. *See Farmer,* 511 U.S. at 847, 114 S.Ct. 1970. Further, any deficiencies or delays in Davis's care fell far short of the "cold hearted, casual unwillingness to investigate what can be done for a man who is obviously in desperate need of help" that we have recognized as necessary to constitute deliberate indifference. *Fielder v. Bosshard,* 590 F.2d 105, 108 (5th Cir.1979). In any event, the failure to prescribe an alternative course of treatment at most amounted to medical malpractice or negligence, which are insufficient to establish a constitutional violation. *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir.2006). The judgment of the district court is affirmed.

The district court's dismissal of Davis's complaint and our affirmance of the dismissal count as one strike for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Davis is warned that, if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.