# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

BRADLEY LINN,

Plaintiff-Appellant

v.

CAROLYN SAITIN; ALAN J. GOLDEN,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-3238

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Bradley Linn, Louisiana pre-trial detainee #80041, filed a 42 U.S.C. § 1983 complaint, naming as defendants his appointed public defender and her supervisor. The district court granted leave to proceed in forma pauperis (IFP) but later dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e). Linn now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30094

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." *Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 200 (5th Cir. 1994). A district court may dismiss an IFP complaint as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). We review the district court's dismissal of a complaint as frivolous pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion. *Brewster v. Dretke,* 587 F.3d 764, 767 (5th Cir. 2009).

On appeal, Linn argues that the defendants have provided ineffective assistance, thus denying his rights to due process and a fair trial. As the district court concluded, a court-appointed attorney generally is not a state actor for purposes of § 1983 liability. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981). If his brief is liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), Linn appears to assert that his counsel acted in "concert" with the prosecution to secure his conviction. Court-appointed attorneys may be liable under § 1983 "for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." *Tower v. Glover,* 467 U.S. 914, 923 (1984). However, Linn has made only generalized allegations of concerted action, which are insufficient to establish the existence of a conspiracy. *See Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987). We conclude that the district court did not abuse its discretion by dismissing the instant complaint. *See Brewster,* 587 F.3d at 767.

We also deny Linn's motion for leave to proceed in forma pauperis (IFP) on appeal as unnecessary; the district court previously granted him leave to proceed IFP on appeal.

No. 14-30094

The district court's dismissal of Linn's complaint as frivolous counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Linn is warned that, if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS DENIED AS UNNECESSARY; SANCTION WARNING ISSUED.