# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40685

JAMES EARL BREWSTER,

Plaintiff - Appellant

v.

DOUGLAS DRETKE,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:

James Earl Brewster ("Brewster"), a Texas inmate proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his § 1983 action. For the reasons stated below, we affirm.

## FACTS AND PROCEEDINGS

In his complaint, Brewster alleges that, during a shake-down of his cell, prison officials verbally abused him and confiscated his spare glass eye, a bottle of wite-out, and a Georgetown Law Journal volume borrowed from a fellow inmate. The district judge asked Brewster to submit a more definite statement of his allegations, and he complied. The district court then dismissed Brewster's complaint with prejudice as legally frivolous, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i). The district court's judgment did not address Brewster's Eighth Amendment claim, however, and this court granted Brewster's application to proceed *in forma pauperis* on appeal.

## STANDARD OF REVIEW

We review a district court's dismissal of an *in forma pauperis* complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).

## DISCUSSION

Brewster challenges both the procedure through which the district court dismissed his claims and the merits of the district court's legal analysis. We dispense with Brewster's procedural arguments first. Brewster contends that the district judge improperly dismissed his claims before an answer was filed and without conducting a *Spears* hearing or allowing him to amend his complaint. He further objects that the district court failed to "provide appellant with a statement explaining the dismissal that facilitates intelligent appella[te] review," and argues that the district court improperly imposed a heightened pleading standard by requiring him to submit a more definite statement. None of these arguments has merit.

The district court may dismiss an *in forma pauperis* proceeding "before service of process or before the filing of the answer" as long as certain safeguards are met. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). In reviewing such a dismissal, we consider, among other things, "whether the court has provided a statement explaining the dismissal that facilitates intelligent appellate review." *Denton v. Hernandez,* 504 U.S. 25, 34 (1992) (quotation omitted). This requires the court to examine whether an inmate's "insufficient factual allegations might be remedied by more specific pleading." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir.

2

1994). Traditionally, the "principal vehicles . . . for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to bring into focus the factual and legal bases of prisoners' claims." *Id.* (quotation omitted). The district court used a questionnaire instead of a *Spears* hearing. Had the district court conducted a hearing, it may have addressed Brewster's Eighth Amendment claim. Any error in failing to hold a hearing, however, was harmless because Brewster's pleadings fail to state a claim under the Eighth Amendment, as discussed below, and because Brewster fails to show how the district court's decision prevented him from adequately presenting his other claims. *Cf. Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Generally, as Brewster argues, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) (reviewing the district court's dismissal under 42 U.S.C. § 1997(e)). Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case." *Id.* Brewster gives no indication that he did not plead his best case in his complaint and more definite statement. He does not state any material facts he would have included in an amended complaint. *See Shope v. Texas Dep't of Criminal Justice*, 283 F. App'x 225, 226 (5th Cir. 2008) (unpublished) ("Shope does not allege what facts he would include in an amended complaint. Therefore, Shope has not shown that the district court abused its discretion in dismissing his complaint." (*citing Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)); *Goldsmith v. Hood County Jail*, 299 F. App'x 422, 423 (5th Cir. 2008) (unpublished) (affirming district court's dismissal of *pro se* complaint when litigant failed to "explain what facts he would have added or how he could have overcome the deficiencies found by

the district court if he had been granted an opportunity to amend").[1] Brewster has therefore failed to show that the district court abused its discretion by dismissing his complaint without granting him leave to amend.

Brewster's argument that the district court imposed a heightened pleading standard by requiring him to complete a questionnaire is also misplaced. This circuit has long held that district courts may require a *pro se* litigant to complete a post-complaint questionnaire. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976). Indeed, the en banc court expressly affirmed this practice in an opinion that considered the proper pleading standard for *pro se* litigants in civil rights actions. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). The *Schultea* court did not perceive a conflict between this practice and notice pleading. Brewster has given no persuasive reason to find one now.

Turning now to the district court's legal analysis, we find that the court correctly dismissed each of Brewster's claims.[2] Brewster's appellate brief and pleadings below mainly argue that prison officials violated his right to due process when they confiscated his property without providing him with a confiscation form, as required by prison regulations. "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (citations omitted); *see also*

---

[1] Although these unpublished cases are not precedential, we consider their analyses to be persuasive.

[2] We restrict our analysis to Brewster's due process, right to court access, and Eighth Amendment claims because these are the only claims he briefed. Brewster also makes passing reference to claims under the Fourth Amendment and the Texas Constitution. He offers no argument in support of these claims, however, and has therefore waived them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027-28 (5th Cir. 1988).

*Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). As the district court correctly held, constitutional due process is satisfied here because the Texas tort of conversion provides Brewster with an adequate post-deprivation remedy. *Murphy,* 26 F.3d at 543.

The district court was also right to dismiss Brewster's claim that he was denied meaningful access to the courts when officials confiscated the law journal and wite-out. An inmate alleging the denial of his right of access to the courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This requires the inmate to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). The inmate must describe the underlying claim well enough to show that its "arguable nature . . . is more than hope." *Id.* at 416 (2002) (internal quotation marks omitted). Brewster wrote in his more definite statement that his research on several pending lawsuits was delayed by the law journal's confiscation and that his ability to draft pleadings was hindered by the loss of the wite-out. On appeal, Brewster argues that "he was attempting to formulate an appeal of his criminal conviction" when the law journal was confiscated. At no point in any of his pleadings does Brewster identify any issue that he would have brought in his criminal appeal or other suit if the law journal had not been taken from him. This omission is fatal to his claim. *See Id.*

Finally, Brewster argues that his Eighth Amendment right to be free from cruel and unusual punishment was violated when prison officials confiscated his spare glass eye. Courts in this circuit and others have found Eighth Amendment violations when prison officials deprive an inmate of a needed medical prosthesis or other device. *See, e.g.*, *Johnson v. Hardin County*, 908 F.2d 1280, 1283-84 (6th Cir. 1990) (defendant's refusal to provide inmate with crutches supported jury's finding of Eighth Amendment violation); *Newman v. Alabama*, 503 F.2d

1320, 1331-32 (5th Cir. 1974) (unavailability of eyeglasses and prosthetic devices, *inter alia*, in state penal system warranted findings of constitutional inadequacy under either the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment). The district court did not address Brewster's Eighth Amendment argument, but any error was harmless because Brewster's allegations fail "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]

Prison officials violate the Eighth Amendment when they demonstrate deliberate indifference to a prisoner's serious medical needs constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference is an "extremely high" standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Such a showing requires the inmate to allege that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a

---

[3] 28 U.S.C. 1915(e)(2)(B)(ii) permits this court to dismiss an *in forma pauperis* appeal *sua sponte* when the appellant's complaint fails to state a claim. *See Marks v. Solcum*, 98 F.3d 494, 496 (9th Cir. 1996) (per curiam) (*sua sponte* determining that prisoner's complaint failed to state a claim, and dismissing appeal under § 1915(e)(2)); *see also Lopez v. Smith*, 203 F.3d 1122, 1136 n.3 (9th Cir. 2000) (noting the appellate court's power to dismiss a complaint for failure to state a claim *sua sponte* on appeal pursuant to § 1915(e)(2)); *Peterson v. Peshoff*, 2000 WL 729077, at *1 (5th Cir. May 9, 2000) (unpublished table opinion) ("Although the district court did not address his claim of retaliation with respect to filing grievances, Peterson's allegations that he was threatened for filing grievances do not state a claim."). This is consistent with the court's practice of affirming the district court on alternative grounds when those grounds are supported by the record. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (*quoting Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Brewster alleges that officials confiscated his spare eye, but this allegation, without more, does not indicate that prison officials were aware that their actions exposed Brewster to a substantial health risk, or that the officials consciously disregarded that risk. *See Farmer*, 511 U.S. at 837. Importantly, Brewster does not allege any facts indicating that prison officials had reason to know that Brewster's spare glass eye was medically necessary, even assuming that it was.[4] Brewster, for example, does not allege that he complained to prison officials about adverse medical effects resulting from the confiscation and that these complaints were ignored. Rather, Brewster admits that he currently has the use of a glass eye and that the confiscated eye was "extra." While it is possible that prison officials failed to exercise reasonable care in confiscating Brewster's extra prosthesis, this circuit's law is clear that negligence does not amount to deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Since the facts alleged in Brewster's complaint and more definite statement "do not permit the court to infer more than the mere possibility of misconduct," he has failed to state an Eighth Amendment claim. *Iqbal*, 129 S.Ct. at 1950.

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED. Since Brewster's complaint fails to state a claim upon which relief may be granted, he has accumulated his third "strike" under 28 U.S.C. § 1915(g).

---

[4] We note that Brewster does not argue that this case presents "exceptional circumstances" wherein "a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (*citing Farmer*, 511 U.S. at 842 & 843 n.8). Nor does Brewster's allegation that prison officials confiscated his *spare* prosthesis involve a risk as severe as those in this circuit's cases finding such exceptional circumstances. *See, e.g.*, *Bias v. Woods*, 288 F. App'x 158, 162-63 (5th Cir. 2008) (unpublished); *Gates v. Cook*, 376 F.3d 323, 343 (5th Cir. 2004).

Except for cases involving an imminent danger of serious physical injury, Brewster is BARRED under § 1915(g) from proceeding further under § 1915. *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996). He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14.