# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2010

No. 09-50684
Summary Calendar

Lyle W. Cayce
Clerk

PERRY HEMPHILL,

Plaintiff-Appellant

v.

SHERIFF GREG HAMILTON,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-769

Before DEMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Perry Hemphill, Texas prisoner # 1417832, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint as frivolous. Hemphill alleged that his constitutional rights were violated because he was injured when he slipped and fell on rainwater while he was a pretrial detainee in the Travis County Correctional Complex. Hemphill argues that the district court erred by dismissing his complaint without giving him an opportunity to remedy any defects in his pleadings. He further argues that the facts establish that the guards were deliberately indifferent to the hazardous conditions in the jail and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, as an employer, Sheriff Hamilton and the Travis County Correctional Complex are liable for the guards' actions.

The record before the district court, including the more definite statement, suggested that Hemphill had pleaded his best case and that leave to amend was not necessary because the facts underlying the complaint did not rise to the level of a viable constitutional claim. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009), *petition for cert. filed*, (Jan. 21, 2010) (No. 09-9950); *see also Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999).

Hemphill has not identified an explicit or de facto jail policy or restriction that resulted in a deprivation of his constitutional rights. *See Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009). His claims against the defendants in their capacity as employers of the guards are not cognizable. *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Moreover, the facts alleged by Hemphill, at most, constitute negligence on the part of the guards. *Hare v. City of Corinth, MS*, 74 F.3d 633, 639 (5th Cir. 1996). Because negligence does not give rise to a constitutional violation, and a supervisor may not be held liable under theories of vicarious or respondeat superior liability, the district court did not abuse its discretion by dismissing Hemphill's complaint. *Daniels v. Williams*, 474 U.S. 327, 332-336 (1986); *Estate of Davis*, 406 F.3d at 381.

After the district court entered final judgment, Hemphill made a second motion to amend, seeking leave to add a negligence claim under state law. The district court denied Hemphill's motion. To show that the district court's denial was an abuse of discretion, Hemphill must "'clearly establish[] that he could not reasonably have raised [his new claim] prior to the trial court's merits ruling.'" *Vielma v. Eureka Co.*, 218 F.3d 458, 468-69 (5th Cir. 2000) (quoting *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995)). Hemphill has not made such a showing. Accordingly, the district court did not abuse its discretion in denying him leave to make a post-judgment amendment. *See id.*

2

Hemphill is advised that the district court's dismissal of his complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Hemphill previously received a strike under § 1915. *See Hemphill v. Williams*, No. 1:00-CV-186 (W.D. Tex. July 12, 2000). Hemphill is advised that he has now accumulated two strikes, and if he accumulates a third strike, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.