**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 27, 2012

Lyle W. Cayce
Clerk

No. 11-20389
Summary Calendar

CLIFTON L. CRUMBLISS,

Plaintiff-Appellant

v.

MICHAEL C. DARDEN; SARFO BONSU; KATHRENE GONZALES; K. NEGBENEBOR; STEVE MASSIE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3706

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

Clifton L. Crumbliss, Texas prisoner # 606721, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against officers Michael Darden and Sarfo Bonsu, Lieutenant Kathrene Gonzales, Warden K. Negbenebor, and Regional Director Steve Massie. Crumbliss alleged the following. He was wearing a halo brace on his leg and was in a wheelchair when Darden and Bonsu transported him to his brother's funeral. Prior to leaving the prison unit, Darden and Bonsu

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

realized that there were no tie-down straps in the wheelchair van with which to secure Crumbliss's chair, and Gonzales instructed the men to nevertheless transport Crumbliss to the funeral. While in the vehicle, Crumbliss's wheelchair was jostled due to Darden's driving, and Crumbliss struck and reinjured his leg. The district court granted the defendants' motion for summary judgment and dismissed with prejudice Crumbliss's complaint alleging that the defendants had shown deliberate indifference to his safety.

As an initial matter, Crumbliss has abandoned any challenge to the district court's determination that Crumbliss could not recover against Negbenebor and Massie under a theory of respondeat superior and its determination that Eleventh Amendment immunity precluded Crumbliss's recovery of monetary damages from the defendants in their official capacities. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, the only issue on appeal is whether the district court erred in granting summary judgment to the defendants on Crumbliss's claim that Darden, Bonsu, and Gonzales acted with deliberate indifference to Crumbliss's safety.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is appropriate if the records discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010). To establish deliberate indifference, the prisoner must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prisoner must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official actually drew the inference. *Id.*

In opposing the defendants' motion for summary judgment, Crumbliss submitted a copy of a letter that purported to be from Darden, admitting that

2

there were no straps in the van.  Crumbliss maintains that the district court was obliged to accept this document and consider it in determining whether summary judgment was warranted.  The district court's memorandum opinion indicates that it accepted as true the information contained in the document presented by Crumbliss.  Crumbliss has not pointed to any authority for the proposition that Bonsu and Gonzales perpetrated a fraud upon the court by submitting affidavits that flatly contradicted the admission in the letter from Darden.

Relying on the discrepancies between Darden's letter and the affidavits from Bonsu and Gonzales, Crumbliss asserts that there was a genuine factual dispute as to whether tie-down straps were available in the van used to transport him to his brother's funeral.  The district court acknowledged this factual dispute and concluded that it was not material to Crumbliss's claim of deliberate indifference.  The district court assumed that there were no straps and accepted as true Crumbliss's allegation that Gonzales nevertheless instructed Darden and Bonsu to transport Crumbliss.  The district court nevertheless concluded that the evidence did not demonstrate a subjective belief on the part of the defendants that Crumbliss was being placed at substantial risk of serious harm.  "Deliberate indifference is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted).  The summary judgment evidence here supports the district court's conclusion that the actions of Darden, Bonsu, and Gonzales did not rise to this level.  Accordingly, the district court's grant of summary judgment is AFFIRMED.