# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

Lyle W. Cayce
Clerk

No. 13-30507
Summary Calendar

WILBERT GENE GREEN,

Plaintiff-Appellant

v.

CORRECTIONS CORPORATION OF AMERICA; KATHY RICHARDSON; PAT THOMAS; DOCTOR KERPULSKY; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-2293

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wilbert Gene Green, Louisiana prisoner # 105177, filed the instant civil rights complaint to seek redress for injuries allegedly suffered as a result of an accident with a prison printing press. He sought damages and other relief based on the care he received after his injury, which he alleged caused him nerve pain and a permanent bend in his fingers. Green appealed to the district court an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order of the magistrate judge denying him leave to amend his complaint a second time. Finding that the proposed amendment was futile, the district court denied Green leave to amend and dismissed his complaint as frivolous and for failure to state a claim based on the reasons given by the magistrate judge in his report and recommendation.

In this appeal, Green argues that the denial of his motion to amend his complaint was an abuse of discretion because he stated facts that could support a constitutional claim. Generally, a district court should not dismiss a pro se plaintiff's complaint without first giving him the opportunity to amend it. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, if a plaintiff has pleaded his "best case," then the court is not required to permit amendment. *Id.* at 768 (internal quotation marks and citation omitted).

In his proposed amended complaint, Green reiterated his medical claims and his attack on a "policy" that resulted in his allegedly deficient treatment. He also argued for the first time that his injuries were caused by the failure of the printing shop supervisor to adequately train him to clean the printing press. In his brief before this court, Green does not "explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend." *See id.* Rather, he reiterates the claims in his proposed complaint and states conclusionally that they cure the defects in his original complaint. Green has not shown that the district court abused its discretion in denying him leave to file an amended complaint. *See id.*; *see also Al-Ra'id v. Ingle*, 69 F.3d 28, 31 (5th Cir. 1995) (concluding that pro se plaintiff abandoned claims by not including argument on the issues that were raised).

Green's motion to supplement the record on appeal is DENIED. The judgment of the district court is AFFIRMED.