# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2013

Lyle W. Cayce
Clerk

MICHAEL HAENDEL,

Plaintiff-Appellant

v.

MICHAEL PONT, in his individual and official capacity; SHERRY STATMAN, In her individual capacity and in her official capacity as Austin Municipal Court Judge,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-33

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Michael Haendel moves this court for authorization to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 suit. The district court granted the defendants' Federal Rule of Civil Procedure 12(b)(6) motion and alternately concluded that dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) was warranted because the suit was frivolous and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raised claims against an immune defendant.    By moving this court for IFP status, Haendel challenges the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).    We conduct a de novo review of the district court's dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990).

Consistent with his pleadings in the district court, Haendel's appellate brief alleges numerous facts that are immaterial to his claims against the named parties and raises allegations against individuals who are not parties to this suit.    He also contends, inter alia, that several officials have not produced their oaths of office, that the district court improperly recharacterized his suit, and that he should be permitted to take an interlocutory appeal.    Haendel has not shown error in connection with the district court's determinations that his suit was frivolous and should be dismissed because his claims against the defendants were barred by limitations and absolute judicial immunity, nor has he shown that the district court erred by concluding that the Texas Penal Code does not provide a private cause of action.

Insofar as he contends that the record does not show that he was served with the defendants' motion to dismiss, the record itself refutes this allegation. Additionally, even if he was not served with this item, then we would still uphold the dismissal on the alternate basis that it was proper under § 1915(e)(2). *See Brewster v. Dretke*, 587 F.3d 764, 769 n.3 (5th Cir. 2009).  His complaint that the record lacks findings and conclusions in accordance with Federal Rule of Civil Procedure 52 is, as the district court noted, misplaced. That Rule is inapposite because no trial was held.    Finally, while Haendel

No. 13-50275

complains that the district court forbade him from filing additional documents, the record shows that this order was entered after he had noticed his appeal, which "divest[ed] the district court of jurisdiction to take any action with regard to the matter except in aid of the appeal." *See United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989).

This appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983). Accordingly, Haendel's IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.