# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2014

Lyle W. Cayce
Clerk

MITCHELL WAGNER,

Plaintiff-Appellant

v.

GILBERT CAMPUZANO, Regional Director TDCJ, Region VI; EDWARD L. WHEELER, Senior Warden; RICHARD G. LEAL, Assistant Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-205

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mitchell Wagner, Texas prisoner # 1543049, appeals the dismissal of his 42 U.S.C. § 1983 complaint against prison officials, alleging that they retaliated against him and violated his right to freely exercise his religion under the First Amendment; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1; and the Texas Religious Freedom

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11024

Restoration Act (TRFRA), TEX. CIV. PRAC. & REM. CODE ANN. § 110.003.  The district court dismissed the federal claims with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), declined to exercise supplemental jurisdiction over the TRFRA claim and dismissed it without prejudice, denied Wagner's motions for injunctive relief, and imposed a strike against Wagner pursuant to § 1915(g).

The district court correctly concluded that Wagner's retaliation claim lacks an arguable basis in law and is therefore frivolous.  *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  We will not consider Wagner's claim that the suspension of inmate choirs and ban on musical instruments violated his right to equal protection under the Fourteenth Amendment because this claim is being raised for the first time on appeal.  *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010).  However, for the following reasons, we conclude that the district court abused its discretion in dismissing Wagner's First Amendment and RLUIPA claims as frivolous.  *See Brewster*, 587 F.3d at 767.

Wagner alleged that he is not allowed to play the piano during religious services but that the Kairos organization has been exempted from the suspension of inmate choirs and confiscation of musical instructions.  His First Amendment claim has an arguable basis in law in light of his allegation that these restrictions are not being applied neutrally.  *See Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 607, 610 (5th Cir. 2008).

As to his RLUIPA claim, these restrictions arguably substantially burden Wagner's exercise of religion by influencing him to act in a way that violates his religious beliefs.  *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 332-34 (5th Cir. 2009).  It is also arguable that these restrictions are not justified by a compelling governmental interest achieved through the least

2

restrictive means in light of Wagner's allegation that another religious organization is still permitted to play musical instruments. *See id.* at 334-35.

For the foregoing reasons, the dismissal of Wagner's retaliation claim as frivolous is AFFIRMED. The dismissal of Wagner's First Amendment and RLUIPA claims as frivolous is VACATED and REMANDED for further proceedings. The dismissal of Wagner's TRFRA claim and denial of injunctive relief are also VACATED and REMANDED for further proceedings because these decisions rested on the conclusion that Wagner's claims were frivolous. The imposition of a strike against Wagner pursuant to § 1915(g) is REVERSED. *See Mayfield*, 529 F.3d at 617. Last, Wagner's incorporated motion for the appointment of counsel on appeal to conduct oral argument is DENIED as unnecessary.