# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

No. 14-10289
Summary Calendar

WALTER NEWELL RANSOM; GALE ELIZABETH RANSOM,

Plaintiffs-Appellants,

v.

NATIONAL CITY MORTGAGE COMPANY, doing business as
Commonwealth United Mortgage Company,

Defendant-Appellee.

Appeal from the United States District Court
for the North District of Texas
USDC No. 3:13-CV-4642

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants filed suit in state court against their mortgage company asserting claims of fraud and misrepresentation. Defendant-Appellee removed to federal district court and filed to dismiss Plaintiffs-Appellants' claims. The district court granted the motion and dismissed the action with prejudice. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10289

## I.

In July 2003, Plaintiffs-Appellants Walter Newell Ransom and Gale Elizabeth Ransom obtained a residential mortgage loan on real property located on 710 Lochness Lane, Garland, Texas ("the Property"). In conjunction with the mortgage, the Ransoms signed a promissory note ("the Note") in the amount of $220,000 and a deed of trust ("the Deed") to secure the note. Approximately ten years later, the Ransoms breached the terms of the Note and Deed by failing to make timely payments.

Soon thereafter, Defendant-Appellee PNC Bank, N.A. (hereinafter referred to as "PNC"),[1] sought to conduct a judicial foreclosure on the Property. In response, the Ransoms filed suit *pro se* in Texas state court asserting causes of action for fraud, fraudulent inducement, fraudulent concealment, intentional misrepresentation, and suit to quiet title. PNC removed the suit to federal district court and filed a motion to dismiss in November 2013. In its motion to dismiss, PNC argued that the Ransoms' claims were subject to a four year statute of limitations which began to accrue when they executed the Note and the Deed, *i.e.*, July 2003. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). Accordingly, the Ransoms were required to bring their claims no later than July 2007, but they failed to do so until June 2013. Additionally, PNC argued that the Ransoms failed to state a claim to quiet title because they failed to allege any facts showing that they held superior title to the Property.

The Ransoms responded in December 2013 with objections to PNC's notice of removal and also by filing a motion to remand. The matter was referred to a United States magistrate judge who issued in January 2014 a

---

[1] According to Defendant-Appellee, PNC Bank, N.A., is successor in interest to National City Real Estate Services, L.L.C., who was successor by merger to National City Mortgage, Inc., a/k/a/ National City Mortgage Co. d/b/a Commonwealth United Mortgage Company.

report and recommendation to grant PNC's motion to dismiss the Ransoms' claims with prejudice and to deny the motion to remand. In her report, the magistrate judge noted that the Ransoms' fraud claims were barred by the four year statute of limitations[2] and that they had failed to state a claim for relief on an action to quiet title. *See Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991). The magistrate judge also stated in her report that permitting leave to amend, although ordinarily granted in the case of *pro se* litigants, would be futile in this case because the Ransoms' claims of fraud against PNC were "fatally infirm." *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Ransoms objected to the report with respect to: (1) the magistrate judge's authority; (2) the recommendation to deny their motion to remand; (3) "the legal standard for motion to dismiss"; (4) the "dismissal of [their] claims regarding fraudulent misrepresentation"; and, (5) the dismissal of their "claims regarding petition to quiet title."

In February 2014, the district court adopted the magistrate judge's report and recommendation and issued a final judgment dismissing the Ransoms' claims in total.

## II.

On appeal, the Ransoms argue that the district court erred when it dismissed their claims with prejudice without permitting amendment of their complaint.

The Ransoms do not appeal the district court's application of the four year statute of limitations to their claims nor do they brief any argument with respect to its holding dismissing their claims to quiet title.[3] Moreover, the

---

[2] *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(4).

[3] Failure to advance arguments in the body of the appellant's brief, results in waiver of those arguments on appeal. *See Justiss Oil Co., Inc. v. Kerr–McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996) (citation omitted).

No. 14-10289

Ransoms complain on appeal that the district court should have permitted them leave to amend their complaint, however, it appears from the record that the Ransoms did not seek leave to amend their complaint at any time before the district court.[4]

## III.

"This court reviews a district court's grant of a motion to dismiss de novo." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment and reasoning adopting the magistrate judge's findings, conclusions and recommendation, we AFFIRM the district court's judgment and adopt its analysis in full.

---

[4] "Arguments not raised in the district court cannot be asserted for the first time on appeal." *Greenberg v. Crossroads Systems, Inc.*, 364 F.3d 657, 669 (5th Cir. 2004).