# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-41075
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

ERNEST MARTIN,

Plaintiff-Appellant

v.

LOLITA RAMOS; SUMMER TANNER,

Defendants-Appellees

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-171

————

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis (IFP), Ernest Martin, Texas prisoner # 1042741, appeals the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915. Martin was convicted of aggravated kidnapping, was determined to be a habitual offender, and was sentenced to 40 years in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41075

In his § 1983 complaint, Martin alleged that the defendants denied him access to the courts by ignoring or refusing to comply with his requests and motions for a copy of the documents and transcripts from his criminal case, thereby interfering with his ability to file a state habeas application. Because the district court dismissed the complaint both as frivolous and for failure to state a claim, we apply the de novo standard of review. *See Geiger v. Jower*s, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is "frivolous if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint fails "to state a claim if the facts, taken as true, do not state a claim that is plausible on its face." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner must show actual injury to prevail on a claim that he was denied access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

As conceded by Martin, he previously was able to file two state habeas applications challenging his conviction without the sought-after documents or transcripts. The fact that he did not obtain the relief that he desired does not support a denial-of-access-to-the-court claim. *Crowder v. Sinyard*, 884 F.2d 804, 814 (5th Cir. 1989), *abrogated on other grounds by Horton v. California*, 496 U.S. 128 (1990). As Martin has not alleged an actual injury, he cannot state a claim of denial of access to the court. *See Lewis*, 518 U.S. at 349.

The instant appeal is without arguable merit and, therefore, is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of his complaint and the dismissal of this appeal as frivolous each count as a strike under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Martin is cautioned that if he accumulates three strikes

No. 15-41075

under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g). Martin's motion for appointment of counsel is denied.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT DENIED.