# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2019

Lyle W. Cayce
Clerk

RODNEY JOHN RAMIREZ,

Plaintiff-Appellant

v.

JOHN/JANE DOE #1, Chairperson, Texas Department of Criminal Justice - Classification and Records Office; JOHN/JANE DOE #2, Assistant Director, Texas Department of Criminal Justice - Classification and Records Office; JOHN/JANE DOE #3, Intake Administrator, Texas Department of Criminal Justice - Classification and Records Office; JOHN/JANE DOE #4, Intake Interviewer, Texas Department of Criminal Justice - Classification and Records Office,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2750

Before HIGGINBOTHAM, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Rodney John Ramirez, Texas prisoner # 864913, appeals the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B) with

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-20312

prejudice as time barred. His complaint alleged a claim of wrongful imprisonment. Ramirez was sentenced on April 6, 1989, in connection with his conviction for the third degree felony offense of theft over $750, to six years of imprisonment with a credit of 48 days. He asserted that, when he was processed by the Texas Department of Criminal Justice (TDCJ) in October 1989, unknown personnel erroneously listed his conviction as the first degree felony offense of burglary of a habitation. Ramirez stated that the convicting court issued a judgment nunc pro tunc on April 20, 1990, wherein the time credit was increased to 116 days, and claimed that the judgment removed the inaccurate reference to the offense being Burglary of a Habitation. Ramirez further claimed that the convicting court, in December 1991, issued a second judgment nunc pro tunc instructing TDCJ officials to conform its records to reflect a conviction for theft. Ramirez indicated that he discharged the sentence on March 18, 1995, and that, on January 25, 2016, the trial court again ordered the TDCJ to correct its records; the records were corrected on May 9, 2016. Ramirez argues that the district court abused its discretion in dismissing his complaint as time barred. He asserts that the limitations period was tolled when he received the court's order on April 20, 1990, and that it remained tolled until the TDCJ corrected its records on May 9, 2016. He also complains that Texas officials failed to comply with state law requirements when he discharged the sentence.

We review the district court's dismissal pursuant to § 1915(e)(2)(B)(i) for an abuse of discretion. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Because no federal statute specifies a limitation period for § 1983 suits, federal law borrows the forum state's general personal injury limitation period. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). In Texas, the applicable period is two years. TEX. CIV. PRAC. and REM. CODE ANN. § 16.003(a).

2

Although the Texas limitations period applies, federal law governs when Ramirez's claim accrued. *See Wallace,* 549 U.S. at 387. Under federal law, the statute of limitations commences when the plaintiff becomes aware that he has suffered an injury. *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

Though Ramirez suggests that the convicting court documents from 1990 and 1991 led him to believe that the TDCJ records had been corrected, these documents do not support his argument. Neither document directs the TDCJ to corrects its records. There is no indication that Ramirez filed anything to correct the error until 2015, and Ramirez does not dispute the district court's finding that he discovered the error in 1989. Even if Ramirez did not discover the error in 1989 but instead discovered it when the sentence was discharged in 1995, the instant § 1983 complaint was still filed in 2017, well after the expiration of the statute of limitations. There is no showing of diligence or lack of notice of a filing requirement that would support tolling of the limitations period. *See Hand v. Stevens Transport, Inc.,* 83 S.W.3d 286, 293 (Tex. App. 2002). The district court did not abuse its discretion by dismissing Ramirez's complaint under § 1915(e)(2)(B)(i). *See Brewster*, 587 F.3d at 767.

The judgment of the district court is AFFIRMED.