# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2021

Lyle W. Cayce
Clerk

No. 19-20175
Summary Calendar

Calvin Jarrod Hester,

*Plaintiff—Appellant*,

*versus*

Folashade Ituah,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-197

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Calvin Jarrod Hester, Texas prisoner # 1472075, filed this 42 U.S.C. § 1983 action against Folashade Ituah, the kitchen second shift supervisor at the Darrington Unit, for gross negligence and willful intent to include pork in his meal without notification in violation of his First and Eighth Amendment

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20175

rights as a Muslim. The district court dismissed Hester's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). The district court denied Hester's motion to proceed *in forma pauperis* on appeal, certifying that his appeal was not taken in good faith. *See* § 1915(a)(3). We granted *in forma pauperis* status, stating that there was "an arguable issue as to whether the district court ought to have granted the motion to amend, or, alternatively, whether the district court should have dismissed without prejudice to an amended complaint." However, we expressed "no view on the ultimate merits of Hester's appeal."

Hester argues that the defendant's actions in willfully and intentionally serving him a meal with pork deprived him of his First and Eighth Amendment rights and caused him to violate a major tenet of his faith. Hester is not complaining of a prison regulation, limitation, program or practice that improperly restricts his right to the free exercise of his religion. To the contrary, Hester's allegations demonstrate that the prison has in place a program or practice to accommodate the dietary requests of its Islamic inmates which provides for non-pork meals and notification when a meal contains pork. Hester's claim concerns an alleged failure of a prison employee to provide a pork-free meal on one occasion. An isolated incident of the denial of a religiously-compliant meal on one occasion is not sufficient to state a constitutional claim. *See Randall v. McLeod*, No. 95-10106, 68 F.3d 470, at *2–4 (5th Cir. Sept. 15, 1995) (affirming the dismissal of a prisoner's free exercise claim as frivolous where the prisoner alleged the denial of "pork-free" meals on "two isolated incidents" during a prison lock down).[1]

---

[1] Unpublished cases decided before January 1996 are binding precedent. 5TH CIRCUIT RULE 47.5.3.

No. 19-20175

Hester argues that the district court abused its discretion in denying his motions to amend his complaint because Ituah had already appeared before the court. He states that he sought to present additional facts and defendants as the facts were being developed. Hester does not elaborate on these additional facts or defendants which he sought to present in his proposed amended complaints.

Hester's proposed amendments were not made for the purpose of supplementing his allegations against Ituah in order to overcome deficiencies in his allegations. He has not identified what additional allegations he would have made against Ituah that would have been sufficient to state a claim if he had been given the opportunity to file an amended complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). Therefore, the record does not support any argument that the district court abused its discretion by dismissing Hester's complaint against Ituah without allowing him to amend it. *See Brewster*, 587 F.3d at 768; *Eason*, 14 F.3d at 9.

The district court did not abuse its discretion in dismissing Hester's complaint as it did not state a claim. *See Geiger*, 404 F.3d at 373. We therefore AFFIRM the judgment of the district court. All outstanding motions are DENIED.