# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2022

Lyle W. Cayce
Clerk

No. 21-50163

James Reece,

*Plaintiff—Appellant*,

*versus*

Charles Butt, President and General Partner for
H.E.B. Grocery Company, LP; Ashlyn Kay Baker, Store
Director fo H.E.B. Grocery Company, LP, store No. 455;
John Doe, Store Manager on duty for H.E.B.Grocery
Comapny, LP, store No. 455; FNU Alvarado, Police
Officer for the City of San Marcos, Badge No. 13100,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-1078

Before Jolly, Jones, and Southwick, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50163

James Reece filed a pro se complaint *in forma pauperis* in the Western District of Texas. Reece alleged that he entered H.E.B. store No. 455 in San Antonio, Texas on October 27, 2018, and immediately was confronted by an "unknown" H.E.B. employee, who told him: "I'm here to tell you it's coming, just wait, you'll see it's coming look into my eyes." Reece alleges that "John Doe," the store manager, then falsely accused Reece of "bothering Gilbert," and told Reece to leave the store or he would call the police.  After Reece refused to leave, Doe called the police. Shortly thereafter, City of San Marcos police officer "Defendant Alvarado" arrived, interviewed Doe and "store director" Ashlyn Kay Baker, and issued Reece a Criminal Trespass Warning notifying Reece that if he entered the store again, he could be arrested and charged with a violation of Texas Penal Code § 30.05. Reece then left the store.

Reece alleged that before this incident, he had repeatedly requested that Baker investigate alleged employee misconduct, but she failed to do so. Reece alleged that Doe and Baker called the police and had him ejected from the store "in order to silence his ongoing requests made for investigation of employee acts occurring by approval of an HEB policy whose disclosure would endanger Baker's career."

Reece filed  this civil rights lawsuit under 42 U.S.C. § 1983 against H.E.B. Grocery Store LP; Charles Butt, President of H.E.B.; Baker; Doe; and Officer Alvarado. Reece alleged numerous constitutional violations, including violations of his rights secured by the First, Fourth, Fifth, and Fourteenth Amendments, as well as state claims of false imprisonment, intentional infliction of emotional distress, official oppression, and fraud.[1]

---

[1] Reece alleged that H.E.B. is committing fraud by displaying at its front entrances its "Gun Policy," which states that customers are prohibited from openly carrying

No. 21-50163

A magistrate judge recommended dismissing Reece's complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e). The district court agreed and adopted the magistrate judge's recommendation. Reece appeals. His brief on appeal repeats the arguments that an H.E.B. grocery store is a public place, Reece has the constitutional right to enter or remain on private property which is a public place, and the protections of "public law" apply to public places. Reece also argues that he was "willfully detained without his consent."

"We review a district court's dismissal of an *in forma pauperis* complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). "A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law." *Id.* After reviewing the record and Appellant's brief, we see no error in the district court's judgment dismissing Reece's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, we AFFIRM the judgment of the district court dismissing the complaint.

---

handguns in its stores. Plaintiff claims that the policy violates the open-carry provision of Texas Penal Code § 46.035 because H.E.B. is a "public place."