# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-50894
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2026

Lyle W. Cayce
Clerk

Frederick Bernard Daniels,

*Plaintiff—Appellant*,

*versus*

LAZ Parking,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1076

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Frederick Daniels, proceeding *pro se* and *in forma pauperis*, alleges that he suffered racial discrimination while working at LAZ Parking. He sued under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *et seq.* The district court dismissed his suit without prejudice for insufficient

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

pleading. Because Daniels adequately alleged hostile work environment and retaliation claims, we REVERSE and REMAND for further proceedings.

I

Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss an IFP case "at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious" or "(ii) fails to state a claim on which relief may be granted." *See Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) ("28 U.S.C. § 1915(e)(2)(B)(ii) permits this court to dismiss an *in forma pauperis* appeal *sua sponte* when the appellant's complaint fails to state a claim.") (citation omitted).

We review dismissals for failure to state a claim *de novo*, applying the same standard that governs Rule 12(b)(6) dismissals. *Rogers v. Boatwright*, 709 F.3d 403, 407 (5th Cir. 2013) (citations omitted). A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation marks omitted). Dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018) (quotation omitted).

We "liberally constru[e]" *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Even so, *pro se* plaintiffs "must still plead factual allegations that raise the right to relief above the

speculative level." *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quotation omitted).

## II

Daniels alleges that LAZ created a hostile work environment and retaliated against him in violation of Title VII. Though inartful, his filings satisfy the minimal pleading standards required at this stage.

## A

To state a hostile work environment claim, a plaintiff must allege that (1) he belongs to a protected group; (2) he was harassed; (3) the harassment was based on a factor protected by Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to remedy it. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (citation omitted). "For harassment on the basis of race to affect a term, condition, or privilege of employment . . . it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quotation omitted).

To state a Title VII retaliation claim, a plaintiff must allege that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) a causal link connects the two. *See Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008)

## B

Daniels has stated both hostile work environment and retaliation claims under Title VII.

Daniels's original complaint consisted of a single, spare list of allegations: "reported verbal abuse racial, the investigation was poor to non-

existence, terminated for policy that is not equally enforced with all employees." From those twenty-one words, the district court inferred that Daniels alleged race-based discrimination under Title VII. The district court, however, required more specificity to resolve his action. Daniels was ordered to file a "more definite statement" of his claims.

Daniels's "more definite statement" specified that LAZ created a hostile work environment and retaliated against him by terminating his employment. But the district court remained dissatisfied with his pleadings. The magistrate judge issued a report and recommendation advising that Daniels's action be dismissed because his claims "on their own are conclusory, and Daniels did not allege any facts to support them." After conducting "a *de novo* review of the Complaint, the Report and Recommendation, the objections to the Report and Recommendation, and the applicable laws," the district court dismissed the complaint without prejudice. We respectfully disagree.

As to the hostile work environment claim, Daniels alleges membership in a group protected under Title VII, and that he was called a racial slur while working at LAZ. *See Hernandez*, 670 F.3d at 654 (requiring "membership in a protected group" and "harassment"). Daniels further alleges that he reported the harassment to human resources. *See id.* (requiring that "the employer knew or should have known of the harassment"). He also alleges that the hostile work environment interfered with his work and culminated in his termination. *See id.* (requiring that "the harassment affected a term, condition, or privilege of employment"); *see also Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir. 1992) (recognizing that a hostile work environment can cause an employee's "constructive discharge"). Though inartful, his pleadings satisfy the minimal requirements for a hostile work environment claim. *See Hernandez*, 670 F.3d at 654.

No. 25-50894

Furthermore, Daniels states a Title VII retaliation claim. *See Taylor*, 554 F.3d at 523. Daniels alleges that he reported harassment to human resources. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 390 (5th Cir. 2007) (recognizing that an employee's report of harassment is "protected activity"). He was thereafter terminated and alleges that his report prompted the decision. At this early stage, alleging that protected activity led to his termination is sufficient.

\*        \*        \*

We REVERSE the dismissal and REMAND for further proceedings consistent with this opinion.