# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-10539
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2026

Lyle W. Cayce
Clerk

Jackie Russell Keeter,

*Plaintiff—Appellant*,

*versus*

Karla Sadlar, *Major of Operations*,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CV-66

————————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jackie Russell Keeter, Texas prisoner # 935295, filed a pro se 42 U.S.C. § 1983 complaint against eight Texas Department of Criminal Justice (TDCJ) employees, including Major Karla Sadler. Keeter alleged that Keeter was housed with and sexually assaulted by a fellow inmate, Victor Robinson. Other defendants were dismissed from the case and Sadler moved

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for summary judgment. She did not dispute that the sexual assault occurred. However, Sadler asserted that Keeter had not shown that she was deliberately indifferent to Keeter's safety and that she was not personally involved in the decision to house Keeter with the cellmate. The district court appointed counsel to Keeter below and, ultimately, granted Sadler's motion for summary judgment motion and dismissed Keeter's claims.

Generally, we review *de novo* a district court's grant of summary judgment. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). However, the parties agree that, because Keeter did not file objections to the magistrate judge's report despite receiving notice of the consequences of failing to do so, our review is for plain error. *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c). "If the movant meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmovant to come forward with specific facts indicating a genuine issue for trial." *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 284 (5th Cir. 2025) (internal quotation marks and citation omitted).

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Accordingly, "prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). That duty requires officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). To state of claim of failure to protect, a prisoner must show that (1) the prisoner "is incarcerated under conditions posing a substantial risk of serious harm" and (2) prison

officials were deliberately indifferent to that risk. *Id.* at 834. Deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted).

Although Keeter argues that Keeter's personal characteristics, prior conviction, and assigned housing, as well as Robinson's history, made the housing assignment dangerous, Keeter fails to show clear or obvious error in the district court's determination that Keeter failed to come forward with specific facts creating a genuine issue for trial. *See Salts*, 676 F.3d at 474; *Puckett*, 556 U.S. at 135. As the district court found, the evidence failed to show a genuine dispute that a substantial risk of serious harm arose when Keeter and Robinson were housed together or that Sadler was aware of facts from which the inference could be drawn that a substantial risk of serious harm arose from the housing assignment. *See Longoria*, 473 F.3d at 593; *see also Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004) (explaining that the nonmoving party cannot satisfy their burden on summary judgment with "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence").

Keeter contends that the purported transfer slip was used to "hoodwink" the district court, but the district court expressly recognized that the transfer slip before it was simply an example—not Keeter's actual transfer slip. In addition, Keeter raises arguments that are dependent upon a factual dispute that the housing classification was dangerous. Keeter asserts that Sadler was involved in the decision to move Keeter to a more dangerous housing classification and that Sadler was responsible for the policy that placed Keeter in that specific assigned housing. Nevertheless, the lack of summary judgment evidence supporting Keeter's assertion that this housing classification was inherently dangerous is fatal to these arguments, particularly on plain error review. *See Farmer*, 511 U.S. at 832-34; *see also Salts*, 676 F.3d at 474; *Puckett*, 556 U.S. at 135.

No. 25-10539

To the extent that Keeter also attempts to raise an equal protection argument, this issue was not raised before the district court in either the amended complaint or opposition to Sadler's motion for summary judgment. This court generally does not consider new claims or theories of relief that were not presented to the district court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In addition, "[i]t is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005).

The district court did not plainly err in granting Sadler's motion for summary judgment. Accordingly, the judgment of the district court is AFFIRMED.