# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11352

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2015

Lyle W. Cayce
Clerk

GILBERTO IRUEGAS,

Plaintiff-Appellant

v.

LES BRUCE, Sheriff; LIEUTENANT FNU NORET; SERGEANT SMITH MOORE; OFFICER LEBOY MARTINEZ; SERGEANT K. HENRY HERNANDEZ; MEDICAL DEPARTMENT P.A.; NURSES; AJA TIM TRAWICK,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-43

Before JONES, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gilberto Iruegas, Texas prisoner # 1774712, moves for appointment of counsel and leave to proceed in forma pauperis (IFP) on appeal from the dismissal as frivolous of his complaint brought pursuant to 42 U.S.C. § 1983. A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and providing written reasons for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). When a district court makes such a certification, as in this case, the appellant may either pay the filing fee or challenge the certification decision. *Baugh*, 117 F.3d at 202. Iruegas's motion to proceed IFP on appeal is construed as a challenge to the district court's certification decision. *See id.*

On appeal, Iruegas does not renew his claims against Les Bruce, FNU Noret, Smith Moore, LeBoy Martinez, K. Henry Hernandez, or Tim Trawick. Because he does not brief any issues related to those defendants, those issues are deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Iruegas maintains only his claims of deliberate indifference to serious medical needs, which requires a showing "that officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citations omitted).

As he did in the district court, Iruegas alleges nothing more than negligence, malpractice, and disagreement with the medical treatment he received, which does not establish deliberate indifference to serious medical needs. *See Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). His challenge to a lack of discovery is unavailing because § 1915(e)(2) requires a district court to "dismiss the case at any time"—including prior to discovery—if it determines that the matter "lacks an arguable basis in law or in fact." *See* § 1915(e)(2); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). Iruegas also fails to establish an abuse of discretion for dismissing the complaint without first conducting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), because he does not explain why the questionnaire employed in this case was

insufficient.  *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).  Nor has he shown that the denial of his motion for appointed counsel was an abuse of discretion.  *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

In sum, Iruegas has not shown that the district court's certification that the appeal was not taken in good faith was incorrect.  *See Baugh*, 117 F.3d at 202.  Because the instant appeal is without arguable merit, Iruegas's IFP motion is denied, and the appeal is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Likewise, his motion for the appointment of counsel is denied.

The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), as does the district court's dismissal.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Iruegas is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; MOTION FOR COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.