# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30228
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2016

Lyle W. Cayce
Clerk

JOHN WESTLEY,

Plaintiff - Appellant

v.

SERGEANT HOWARD,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2781

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis* (IFP) on appeal, as he did in district court, John Westley, Louisiana prisoner # 110980, filed a 42 U.S.C. § 1983 complaint against Sergeant Howard, contending he used excessive force by slamming Westley to the ground while escorting him to the medical center after a physical altercation with another inmate.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30228

The court dismissed the complaint as frivolous and for failure to state a claim, determining Howard's alleged use of force did not violate the Eighth Amendment. Accordingly, our review is *de novo*. *E.g.*, *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A claim is "frivolous if it does not have an arguable basis in fact or law". *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). To determine if a complaint fails to state a claim, our court applies the same standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6), and will uphold a dismissal if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts". *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)); *see also* 28 U.S.C. § 1915(e)(2)(B).

On appeal, Westley further asserts Sergeant Howard slammed him to the ground after he was restrained, and frequently uses excessive force against inmates. He did not, however, present these assertions in district court; therefore, they will not be considered here. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

For his excessive-force claim, Westley fails to show the court erred in dismissing his claim. Regarding the extent-of-injury factor used in analyzing excessive-force claims, Westley complains of significant injuries, including memory loss, partial use of his back, dizziness, and blackouts. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). His complaints are contradicted by the documents he attached to his amended complaint, which reflected only minor bruises and scratches. In examining the remaining *Hudson* factors, we consider: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful

2

No. 15-30228

response". *Id.* (internal quotation marks omitted). In that regard, Westley admitted in his amended complaint that Officers were responding to a fight between Westley and another inmate, and Sergeant Howard acted because he "believed [Westley] was not cooperating to [t]he fullest". In the light of the foregoing, Westley's appeal is frivolous. *See id.*

Our dismissal of Westley's complaint as frivolous, and the district court's dismissal on the same ground, count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Westley is hereby cautioned that, if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury". § 1915(g).

DISMISSED; SANCTION WARNING ISSUED.