# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2017

Lyle W. Cayce
Clerk

PATRICIA A. GRANT, Ph.D.,

Plaintiff-Appellant

v.

DEBORAH E. SEABRON; SHIRLEY SMITH; STANLEY B. GRANT; TERRY E. LUNA; HAROLD J. GRANT; BOB KERR, Regent Care Oakwell Farms, also known as Robert or Bobby; ERIC TIMAEUS, Texas Department of Aging and Disability Services; ERIC GREEN, Texas Department of Aging and Disability Services; GAYE GEORGE, Texas Department of Aging and Disability Services; PATTY DUCAYET, Texas Department of Aging and Disability Services-State Long-Term Care Ombudsman; LAURA HALL, (Lori); SANDRA MARTINEZ, Texas Department of Family and Protective Services; THERESA THOMSON, Texas Department of Aging and Disability Services-State Long-Term Care Ombudsman; THOMAS SARGENT, Texas Department of Family and Protective Services; TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES; TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Adult Protective Services; TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES, State Long-Term Care Ombudsman; REGENT CARE CENTER OF SAN ANTONIO II, L.P., doing business as Regent Care Center Oakwell Farms, doing business as RCCSA II, Incorporated; DISCOVERABLE JANE AND JOHN DOES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-964

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

No. 16-50101

PER CURIAM:[*]

Patricia A. Grant filed a complaint against several members of her family, various Texas state agencies and their employees, and a private nursing home and its employees, asserting a litany of federal and state claims arising out of disputes regarding her elderly father's care.  The district court granted her motion to proceed in forma pauperis (IFP) but dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim for relief, a decision we review de novo.  *See Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir. 2009).

The brief that Grant filed on appeal generally restates the allegations that she made in her complaint.  It does not address the bases on which the district court dismissed many of her claims, including that she lacked standing, some defendants were entitled to sovereign immunity, certain statutes she referenced did not provide her with a private right of action, and supplemental jurisdiction over her state law claims was not warranted.  Accordingly, she has abandoned these issues.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Read liberally, however, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), her brief appears to argue that the district court erred in determining that the complaint failed to state a claim for relief under the Americans with Disabilities Act (ADA) and for constitutional violations under 42 U.S.C. § 1983 against defendants who were not immune from suit.  To avoid dismissal of her complaint, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50101

As relevant here, the ADA prohibits discrimination against disabled individuals in public services and public accommodations. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). In her complaint, Grant alleges that she is "a 100% disabled veteran with a mental-behavioral health diagnosis and disability." Even if, as the magistrate judge and district court apparently assumed, Grant was disabled for purposes of the ADA, she did not allege any facts that would plausibly suggest that a public entity or place of public accommodation discriminated against her because of her disability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("The well-pleaded facts" in the complaint must "permit the court to infer more than the mere possibility of misconduct."); *see also* 42 U.S.C. §§ 12131, 12132, 12182.

The § 1983 claims fail for the same reason. To state a claim for relief, Grant was required to allege that she was deprived of a constitutional right by those acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Grant alleges that her family members and nursing home defendants violated her civil rights, but she did not say in her complaint, nor is it apparent, how they acted under the color of state law. *See id.* Though she was unhappy with the manner in which state agencies resolved her grievances, nothing in her complaint suggests that they violated her constitutional rights. Thus, she did not put forward sufficient factual allegations to permit the district court to draw a reasonable inference that she was entitled to relief. *See Iqbal*, 556 U.S. at 678.

Finally, though Grant moved to amend her complaint, the district court did not permit her to do so. Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies unless the plaintiff has pleaded her best case. *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see*

No. 16-50101

*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, in neither her proposed amended complaint nor her brief on appeal does Grant allege material facts that would have stated a claim for relief. The bare allegations offered only "labels and conclusions" that lacked sufficient "factual enhancement" that would support a claim for relief. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Because Grant has not explained what additional facts she could allege that would state a viable claim, she has already pleaded her best case, any amendment would have been futile, and the district court did not abuse its discretion in denying her the opportunity to amend her complaint. *See Ackerson v. Bean Dredging LLC,* 589 F.3d 196, 208 (5th Cir. 2009); *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009).

AFFIRMED.