# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30148

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

NATHANIEL A. MINGO,

Plaintiff-Appellant

v.

BOSSIER MAXIMUM CORRECTIONAL FACILITY, in their official an individual capacity; JULIAN C. WHITTINGTON, in his individual capacity; RODNEY BOYER, in his official and individual capacity; BRAD ANDERSON, in his official and individual capacity; MARK TOLOSO, in his official and individual capacity; JOHN DOE, in his official and individual capacity; JANE DOE, in her official and individual capacity; KATRINA CHANDLER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-522

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Nathaniel A. Mingo, Louisiana prisoner # 415870, filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his civil rights action under 42 U.S.C. § 1983. The district court concluded that Mingo had failed to state a cognizable constitutional claim.

The district court also denied IFP status and certified that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Mingo challenges that certification by moving to appeal IFP, *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is apparent that it would be meritless. *See Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

Mingo conclusionally asserts that he "has been diagnosed to have a life-long handicap and permanent disability from serious injuries." He further asserts that "he was referred to a specialist" but was denied adequate and timely medical care, which he could show if he is granted a hearing and "an investigation and report in order to develop an adequate factual record." However, Mingo offers only conclusional assertions without elaboration or any explanation of how any particular defendant's acts violated his constitutional rights or caused his alleged injuries. As Mingo fails to identify any error in the district court's analysis, it is as though he has not appealed that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He has failed to identify any nonfrivolous issue for appeal concerning his medical care.

Mingo also contends that he was entitled to a *Spears* hearing at which he could have further developed his claims. *Cf. Spears v. McCotter*, 766 F.2d 179, 180-82 (5th Cir. 1985) (approving of a hearing at which a prisoner may articulate and explain the factual basis for his claims). The district court was

not required to hold a *Spears* hearing, especially because it used a questionnaire that served the same function as a *Spears* hearing. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Mingo further maintains that he is entitled to a jury trial under the Seventh Amendment. He makes this bare assertion without addressing any claim or identifying any nonfrivolous issue for appeal.

Aside from the foregoing contentions, Mingo primarily cites established law without explaining how it applies to his appeal. Any potential arguments that Mingo may have had about the claims he raised in the district court are waived by his failure to brief them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Mingo identifies no nonfrivolous issue for appeal, his IFP motion is DENIED and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Mingo's complaint for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mingo is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).