# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20672

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2018

Lyle W. Cayce
Clerk

NORMAN LEE AGNEW,

Plaintiff-Appellant

v.

CAPTAIN PHILLIP GRAHAM; LIEUTENANT T. BALZEN; STATE OF TEXAS; WARDEN JOLLY; MAJOR GORDON,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2706

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Norman Lee Agnew, formerly Tarrant County inmate # 0872250 (now Texas prisoner # 2172850), moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous.  He also has filed a motion for civil removal.  The district court concluded that Agnew's complaint was time barred.  Agnew's request for IFP status was denied, and the district court certified that an appeal would not be taken in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

good faith.  By moving to proceed IFP on appeal, Agnew challenges the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Agnew does not challenge the applicability of a two-year limitations period; nor does he deny that the alleged assault occurred in 2013, that his alleged wrongful confinement ended in August 2014, and that his § 1983 complaint was filed in July 2017.  Instead, he argues that his complaint should be deemed timely because tolling of the limitations period is warranted under the doctrine of contra non valentem.  Assuming arguendo that the Texas statute of limitations could be tolled under that doctrine, Agnew does not identify any action of the defendants that prevented his timely filing, nor does he explain how he was prevented from timely filing his complaint.  The district court did not err or abuse its discretion in dismissing Agnew's complaint as frivolous because it is time barred.

This appeal lacks arguable legal merit and is, therefore, frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Agnew's motion to proceed IFP is DENIED, and we DISMISS his appeal as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Because his request to be held in a federal facility is premised on the pendency of the instant action, Agnew's motion for civil removal also is DENIED.

The district court's dismissal of Agnew's complaint and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  A prior § 1983 action filed by Agnew was dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).  *See Agnew v. City of Fort Worth, Tex.*, No. 4:17-CV-941 (N.D. Tex. Dec. 15, 2017).  That dismissal also counts as a strike under § 1915(g).  *See Adepegba*, 103 F.3d at 387-88.  Because he now has three strikes, Agnew is BARRED from proceeding IFP in any civil action or

No. 17-20672

appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g); *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).