# United States Court of Appeals for the Fifth Circuit

No. 19-41011
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

MARK CLIFF SCHWARZER,

*Plaintiff—Appellant*,

*versus*

DALE WAINWRIGHT, *Chairman of the Board of Criminal Justice*;
ROBERT G. BEARD, JR., *Former Warden of Stevenson Unit*;
PAMELA R. MENDEZ-BANDA, *Unit Mailroom Employee*;
BRYAN COLLIER,
*Executive Director*, *Texas Department of Criminal Justice*;
JENNIFER SMITH, *DRC Program Supervisor*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
No. 6:18-CV-34

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-41011

Mark Schwarzer, Texas prisoner #1433741, appeals the dismissal of his *pro se* 42 U.S.C. § 1983 complaint arising from the prison's denial of his mail. The district court dismissed Schwarzer's complaint, with prejudice, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We review the dismissal for an abuse of discretion. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Schwarzer maintains that the district court failed to address his claim that the defendants violated criminal laws by interfering with his mail. The dismissal was not an abuse of discretion, because Schwarzer cannot seek the prosecution of prison officials based on their alleged violation of 18 U.S.C. §§ 1701, 1702, and 1703, and those criminal statutes do not give rise to a private right of action. *See Ali v. Shabazz*, No. 93-2495, 1993 WL 456323 (5th Cir. Oct. 28, 1993); 5TH CIR. R. 47.5.3.

Schwarzer contends that the district court erred in failing to address his First Amendment free speech claim. Liberally construed in light of his other pleadings, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), Schwarzer's complaint asserted that (1) the prison's policy of prohibiting inmates from receiving stationery supplies via mail violates the First Amendment and (2) the defendants violated his First Amendment rights by denying his mail based on Board Policy 03.91. The district court instead construed Schwarzer's First Amendment claims as relating to the denial of access to the courts and the prison's inspection of his mail.

The First Amendment protects prisoners from mail censorship that is not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see Thornburgh v. Abbott*, 490 U.S. 401, 403–08 (1989). The district court did not analyze Schwarzer's claims regarding the prison's mail policies under the framework in *Turner*, and because the record at this stage does not establish that Schwarzer's First Amendment claims are "based on an indisputably meritless legal theory," they cannot be deemed

frivolous. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citation omitted).

Finally, Schwarzer challenges the dismissal of his due process claim. The district court construed his complaint as asserting that the defendants violated his due process rights by failing to follow the prison's rules related to the grievance procedure, and it correctly concluded that that claim was frivolous because he failed to allege a constitutional violation. *See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009). We affirm the dismissal in that respect.

Schwarzer now avers, however, that he was not permitted to participate in the process of the Director's Review Committee ("DRC") for reviewing denials of mail and that he was deprived of his First Amendment rights without due process as a result. Although he did not phrase his due process claim in those terms in his complaint, Schwarzer posits that he should have been given an opportunity to amend his complaint before it was dismissed as frivolous.

Before dismissing a *pro se* litigant's case with prejudice, a district court ordinarily must provide an opportunity to amend to remedy any deficiencies. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Although the district court did issue a questionnaire to elicit additional facts from Schwarzer, it did not notify him that his complaint might be inadequate and did not give him an opportunity to amend. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

Inmates are entitled to procedural due process protections in connection with the denial of mail, including notice and an opportunity to be heard. *See Procunier v. Martinez*, 416 U.S. 396, 417–19 (1974), *overruled on other grounds by Abbott*; *Prison Legal News v. Livingston*, 683 F.3d 201, 222 (5th Cir. 2012). Traditional procedural due process arguably requires a right to object

and a "right to participate in DRC's consideration of the appeal, even informally or through written submissions." *Prison Legal News*, 683 F.3d at 224 (*dictum*); *see United States v. Gonzalez*, 250 F.3d 923, 926 (5th Cir. 2001) (noting that *dicta* are nonbinding but may be persuasive). Schwarzer's appellate brief, which asserts he was denied the right to participate in the DRC appeal process, demonstrates that he could have amended his complaint to allege a nonfrivolous due process claim. *See Brown*, 829 F.3d at 370.

The judgment is VACATED and REMANDED in part for further proceedings with respect to Schwarzer's free speech and procedural due process claims. The judgment is AFFIRMED in all other respects. We do not indicate what rulings the district court should make on remand.