# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-50454
Summary Calendar

---

TIMOTHY A. FONSECA,

*Plaintiff—Appellant*,

*versus*

UNIVERSITY MEDICAL CENTER; LAURA EISENBERG, *UMC Urologist*; MICHAEL DAMIAN BAGG, *UMC Urologist*; JEFFERY TABER, *UMC Urologist*; JOSE DOE, *7th floor UMC Nurse*; RICHARD WILES, *Sheriff, El Paso County, TX*; CHRISTINA MORTON, *Director of Nursing, El Paso Jail Annex*; HILDA RAMIREZ, *Clerk, El Paso Jail Annex*; MICKY BALLES, *Weekend Nurse, El Paso Jail Annex*; CHRISTINA ROCHE, *Front Desk RN, El Paso Jail Annex*; L. T. MONDNEZ, *Special Needs Lieutenant, El Paso Jail Annex*; MARIO CORREA, *Detective, El Paso Sheriff's Office*; MICHAEL J. SEBASTIA, *Contracted Urologist*; NURSE KEITH SEIDEL,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-180

---

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

No. 21-50454

Per Curiam:*

Timothy A. Fonseca, now Texas prisoner # 2318020, filed a pro se civil rights complaint challenging medical treatment he received at the University Medical Center before he became a pretrial detainee and care he received during his detention in the El Paso County Jail. The district court dismissed Fonseca's allegations of constitutional violations for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declined to exercise supplemental jurisdiction over the remaining state law claims, 28 U.S.C. § 1367(c)(3). We affirm.

Contrary to Fonseca's arguments, the district court was authorized to issue a sua sponte dismissal order, and it was not required to permit discovery prior to the dismissal. *See* § 1915(e)(2). Furthermore, the court was authorized to order the defendants to construct a record to assist with screening. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997).

Next, Fonseca has provided no indication that he did not plead his best case; therefore, it is unavailing for him to argue that the district court erroneously failed to provide an opportunity to amend the complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). To the extent that Fonseca challenges the district court's failure to appoint counsel, he has abandoned that claim by his failure to brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent that Fonseca challenges the district court's decision declining to exercise supplemental jurisdiction over his state law claims against the University Medical Center defendants, we can discern no abuse of discretion from his arguments. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50454

As for the district court's § 1915(e)(2)(B)(ii) dismissal, Fonseca's allegations that the El Paso County Jail defendants acted with deliberate indifference are best described as a disagreement with the medical treatment he received or, at most, allegations that the defendants committed malpractice. His allegations do not state a constitutional violation. *See Hare v. City of Corinth*, 74 F.3d 633, 639, 647-48, 650 (5th Cir. 1996) (en banc); *see also In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010); *Norton*, 122 F.3d at 292; *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED. Fonseca's motions for the appointment of counsel and for a default judgment are DENIED.

Our affirmance of the district court's dismissal of Fonseca's § 1983 complaint under § 1915(e) counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). Fonseca is CAUTIONED that, if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).